1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                              * * * * *

9   RICHARD DEEDS,                    )
                                      )
10                    Plaintiff,      )          03:03-CV-00453-LRH (RAM)
                                      )
11  vs.                               )
                                      )          ORDER
12  ROBERT BAYER, *et al.*,           )
                                      )
13                    Defendants.     )
    _____   )

14

15        Presently before this court is Plaintiff's motion to amend (#72[1]) the court's prior order

16  entered September 26, 2005 (#71) granting in part and denying in part Plaintiff's prior motion to

17  amend (#61).  Defendants have submitted an opposition (#73), to which Plaintiff subsequently

18  replied (#74).

19        After review of the relevant motions and law, the Court makes the following disposition:

20                **FACTUAL AND PROCEDURAL BACKGROUND**

21        Plaintiff Richard Deeds is an inmate currently incarcerated in the Northern Nevada

22  Correctional Center.  In March 2000, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 for

23  violations of his civil rights.  That case was dismissed without leave to amend on October 24,

24  2002, on the basis of Plaintiff's failure to comply with the length and format requirements for a §

25  1983 complaint, despite having been provided several opportunities.  Subsequently, Plaintiff

26  filed a motion to amend judgment and requested that the Court reopen the case and permit him to

27

28  _____

        [1] References to (#XX) refer to the court's docket.

1   continue with the litigation.  After several procedural difficulties, the Court reopened the case

2   under the present case number.  Plaintiff then filed two requests to file supplemental complaints.

3   The Court, considering the long and complicated history of the case, required Plaintiff to brief

4   the issue of whether he had completely exhausted his administrative remedies prior to

5   determining whether he could supplement his complaint.  After it was pointed out to the Court

6   that Plaintiff's supplemental claims were also subject to the requirement that all administrative

7   remedies be exhausted, the Court required briefing on those claims as well.  The Court then

8   concluded that at least some of the claims presented in the complaint had not been exhausted

9   prior to the filing of the lawsuit.  This prompted the court to dismiss the entire complaint under

10  42 U.S.C. § 1997e(a) and the complete exhaustion rule; see *Mubarak v. California Department*

11  *of Corrections*, 317 F.Supp.2d 1057, 1060 (S.D.Cal. 2004).

12          Plaintiff then filed a Motion to Amend Judgment (#64), claiming that the Court ignored

13  relevant Ninth Circuit precedent in requiring Plaintiff to brief the exhaustion of administrative

14  remedies issue and in dismissing the entire complaint without providing Plaintiff an opportunity

15  to amend the complaint to remove the claims that had not been exhausted prior to filing.  The

16  court considered this request and amended its prior order to reinstate the claims Plaintiff

17  originally filed.  However, the court denied Plaintiff's request to reinstate his motions to file

18  supplemental complaints because those motions had been denied on the merits in the court's

19  original order.

20          Plaintiff has since filed the present motion to amend (#72) seeking once again to have his

21  motions to file supplemental complaints reinstated.

22                      **LEGAL STANDARD FOR MOTION TO AMEND**

23          Plaintiff brings his motion pursuant to Federal Rule of Civil Procedure 59(e).  Rule 59(e)

24  allows the court to amend a prior order if it "(1) is presented with newly discovered evidence, (2)

25  committed clear error or the initial decision was manifestly unjust, or (3) if there is an

26  intervening change in controlling law."  *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063

27  n.1 (9th Cir. 2005) (quoting *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255,

28  1263 (9th Cir. 1993).

1    The court may also amend a judgment pursuant to Federal Rules of Civil Procedure, Rule

2    60(a) and (b).  Rule 60(a) permits the Court to correct clerical errors or other errors arising from

3    oversight or omission.  Under Rule 60(b), a court may relieve a party from a final judgment,

4    order, or proceeding only because of: (1) mistake, inadvertence, surprise or excusable neglect; (2)

5    newly discovered evidence; (3) fraud; because (4) the judgment is void; (5) the judgment has

6    been satisfied or discharged; or for (6) any other "extraordinary circumstances" which would

7    justify relief.  *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263

8    (9th Cir. 1993) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).  In addition,

9    the Court possesses the inherent procedural power to reconsider, rescind, or modify an order for

10   cause seen by it to be sufficient.  *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,

11   254 F.3d 882, 885 (9th Cir. 2001).

12                                              **DISCUSSION**

13   Plaintiff's current argument for amendment of the court's previous order centers around

14   his belief that the court did not actually consider his motions to file supplemental complaints on

15   the merits when it first denied them.  Specifically, Plaintiff points to language in the court's

16   original order that states no amendments could be made because no complaint was deemed to

17   exist.  While the language Plaintiff refers to supports his arguments, it only does so because

18   Plaintiff takes it out of context.  The court's original order provided alternative holdings for

19   denying Plaintiff's requests to file supplemental complaints.  While it is true that the court found

20   no original complaint existed because of a failure to exhaust administrative remedies, this

21   holding did not render moot the court's prior statement:

22           The supplemental complaints submitted by plaintiff are found at dockets
         #28 and #42.  The claims raised in supplemental Complaint I (docket #28), appear
23       to be exhausted.  However, with the possible exception of Count II, the claims do
         not state viable constitutional violations or are repeats of claims already presented
24       in the complaint on file.  The entirety of proposed Supplemental Complaint II
         (docket #42) is duplicative of claims already presented to this Court in this action.
25       On that basis, it is not appropriate to permit the supplemental complaints to be
         filed in this action.
26   (#61 at 2-3).

27   The court, therefore, considered Plaintiff's motions to file supplemental complaints on

28   the merits and denied those motions as duplicative or failing to state a constitutional claim.

                                                    3

1    For the court to now amend its order refusing to relieve Plaintiff from a prior order,

2    Plaintiff would need to show that the court committed a clear error when it determined Plaintiff

3    had met none of the requirements of Rule 60(b).  Fed. R. Civ. P. 59(e).  The decision to grant or

4    deny a supplemental pleading is within the court's discretion and should be granted when the

5    supplement will promote a speedy disposition of the entire controversy, will not cause undue

6    delay or trial inconvenience, and will not prejudice the rights of any of the other parties.  6A

7    Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:*

8    *Civil 2D* § 1504 (1990).

9    The court has once again reviewed the requested supplemental pleadings and finds that

10   the claims, although based on separate factual scenarios, are indeed duplicative of other claims,

11   fail to state constitutional violations, or would cause undue delay and inconvenience by

12   unnecessarily burdening the trial with additional defendants and claims that are effectively

13   covered by the existing pleadings.  Thus, the court finds that Plaintiff has not shown that a clear

14   error was made when the court determined that none of the Rule 60(b) factors warranted

15   amending the court's previous order denying Plaintiff's request to file supplemental complaints.

16   Accordingly, the court finds no reason to amend its prior order.

17   It is therefore ORDERED that the Plaintiff's Motion to Amend Judgment (#72) is

18   DENIED.

19   DATED this 24th day of January, 2006.

20

21

22   _____
     LARRY R. HICKS
23   United States District Judge

24

25

26

27

28

4