**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD DEEDS, ) | CV-N-03-0453-LRH (VPC) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ROBERT BAYER, ET AL., ) | |
| ) | |
| Defendants. ) | August 2, 2006 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for preliminary injunction (#s 91/92, 94, 100). Defendants opposed (#97).

The court has thoroughly reviewed the record and the motion and recommends that the motion for injunctive relief be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Richard Deeds ("plaintiff") is a prisoner at the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#100). Plaintiff brings this action pursuant to 42 U.S.C § 1983, alleging prison officials violated his First Amendment right to access to the courts, his Eighth Amendment right against cruel and unusual punishment, his Fourteenth Amendment rights to equal protection and due process, his Fifth Amendment right to not be deprived of private property without just compensation, and his rights

under the Americans with Disabilities Act ("ADA") (#3).[1]  Plaintiff names as defendants Robert

Bayer, NDOC director; Jackie Crawford, former NDOC director; Theodore D'Amico, NNCC

medical director; John Doe #1, accounting personnel; John Doe #2; NNCC physician; Karen

Gedney, NNCC physician; Donald Helling, NNCC warden; Rev. James Kelly, chaplain; Keith

Kennedy, lieutenant; Janet Lamb, NNCC nurse; John Peery, NNCC director of nursing; and

Donald Thorpe, correctional officer.  *Id*.

In counts I, III, VII, and IX plaintiff alleges that defendants violated his First Amendment

right to access to the courts by denying him access to the prison law clerk and by denying him

books sent to him by a publisher.  *Id*.  In count I, plaintiff alleges that defendants violated his Fifth

Amendment right against the taking of private property without just compensation by denying

him interest on his prison bank account.  *Id*.  In counts VI, VIII, X, XI, XIV, XVI, XVII, XX, and

XXII plaintiff alleges that defendants violated his Eight Amendment right against cruel and

unusual punishment by denying him established physician-prescribed care.  *Id*.  In counts II, III,

IV, XIII, XIV, XVIII, XIX, and XX plaintiff claims that defendants violated his Fourteenth

Amendment rights to equal protection and due process by failing to protect him against assault

by a prison guard, allowing extortion by a prison chaplain, and denying him the right to smoke

---

[1]In March 2000 plaintiff filed a complaint pursuant to §1983 for violations of his civil rights (*See* #71).  Plaintiff's case was dismissed without leave to amend in October 2002 due to plaintiff's failure to comply with the length and format requirements for a § 1983 complaint, despite having been provided several opportunities.  *See id*.  Plaintiff filed a motion to amend judgment and requested that the District Court reopen the case.  *See id*.  The Court ultimately reopened the case under the present case number.  *See id*.  On October 16, 2003, plaintiff filed his first amended complaint (#3).  The Court dismissed plaintiff's complaint for failure to exhaust administrative remedies on January 31, 2005 (#61).  Plaintiff filed a motion to amend judgment on February 8, 2005 (#64).  On September 26, 2005, the Court granted plaintiff's motion in part and denied the motion in part (#71).  In its order, the Court rescinded its previous order with respect to dismissing all claims, clarified that plaintiff had properly filed a complaint alleging civil rights violations under § 1983, and denied plaintiff's two motions to file a supplemental complaint.  *Id*.

in his cell.  *Id*.  In counts XI, XVI, and XXI plaintiff claims that defendants violated his rights under the ADA. *Id.*

Plaintiff seeks a preliminary injunction requiring defendants to assign him a medical classification that would prohibit defendants from transferring him from NNCC to another prison or transferring him to another housing unit within NNCC.  *Id.*

Plaintiff filed an opposition to defendant's motion for extension of time and motion for a temporary restraining order on April 11, 2006 (#92).  On April 21, 2006, plaintiff filed a supplement to his motion for a temporary restraining order, which he also styled a motion for a temporary restraining order and a preliminary injunction (#94).  Finally, after defendants replied (#97), on May 4, 2006, plaintiff filed a motion to modify and/or withdraw his motion for a temporary restraining order and/or preliminary injunction (#100).  In that motion, plaintiff seeks to withdraw all but two bases for preliminary injunction.  *Id.*

## II.  DISCUSSION & ANALYSIS

### A.    Discussion

### 1. Preliminary Injunction

To warrant preliminary injunctive relief in the Ninth Circuit, the petitioner must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor.  *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917 (9th Cir. 2003).  Preliminary injunctive relief is designed to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Lebron v. Comm'n John Armstrong*, 289 F. Supp.2d 56, 61 (D. Conn. 2003) (citation and internal quotations omitted).  To prevail on a motion for preliminary injunction, the court must first

inquire whether plaintiff's constitutional claims will likely prevail on the merits. *Luckette v. Lewis*,  883 F. Supp. 471, 475 (D. Ariz. 1995).

While "there is no iron curtain drawn between the Constitution and the prisons of this country," (*Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)) prison officials are accorded deference to set and implement prison policy. *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).  "The duty to protect inmates' constitutional rights . . . does not confer the power to manage prisons, for which courts are ill-equipped, or the capacity to second-guess prison administrators." *Toussaint v. McCarthy*, 801 F.2d 1080 (1986), *cert denied*, 481 U.S. 1069 (1987).  Any injunctive relief granted against a state agency must be only as broad as necessary to remedy the constitutional violation. *Milliken v. Bradley*, 433 U.S. 267, 280 (1977).

### 2. Temporary Restraining Order

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *Brown Jordan Intern., Inc., v. Mind's Eye*, 236 F. Supp.2d 1152, 1154 (D. Haw. 2002).  Moreover, it is appropriate to treat a non-ex parte motion for a temporary restraining order and preliminary injunction (#28/29) as a motion for a preliminary injunction. *See* 11A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIV. 2d § 2951, at 254 (2d. ed. 1995) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

### 3. Deliberate indifference and sufficiently serious harm

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."

*Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted).  In *Farmer v. Brennan*, the Supreme Court reiterated the standards for prevailing on an Eighth Amendment claim.  511 U.S. 825, 828 (1994).  The court once again stated that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.*, *citing Helling v. McKinney*, 509 U.S. 25 (1993), *Wilson v. Seiter*, 501 U.S. 294 (1991), and *Estelle*, 429 U.S. 97.  To establish an Eighth Amendment violation, a plaintiff's case must satisfy an objective standard -- that the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective standard -- deliberate indifference.  *See Wilson*, 501 U.S. at 297-304;  *see also Farmer*, 511 U.S. at 834.

The subjective standard of deliberate indifference for Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Farmer*, 511 U.S. at 835, *quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986).  The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836.  It is the equivalent of recklessly disregarding a substantial risk of serious harm to the inmate.  *Id.*

"[D]eliberate indifference to a prisoner's serious illness or injury" is a violation of the Eighth Amendment prohibition against cruel and unusual punishment.  *Estelle*, 429 U.S. at 105. In order to prove deliberate indifference, plaintiff must show that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Indifference may be manifested by prison staff intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.  *Estelle*, 429 U.S. at 104-05.

Mere negligence on the part of prison medical staff is not sufficient to prove deliberate

indifference. *Id*. "A defendant must purposefully ignore or fail to respond to a prisoner's pain

or possible medical need in order for deliberate indifference to be established." *McGuckin v.*

*Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds in WMX*

*Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Prison medical staff does not violate

the Eighth Amendment simply because their opinions concerning medical treatment conflict with

the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Failure to allow every requested visit to a doctor does not constitute medical indifference where

the evidence shows that an inmate received medical treatment. *See Estelle*, 429 U.S. at 106-07.

### B.  Analysis

In plaintiff's motion to modify and/or withdraw his motion for a temporary restraining

order and/or preliminary injunction, he seeks to withdraw several bases for relief and does not

introduce new issues (#100). As defendants already responded in their opposition to the issues

plaintiff raises (#97), the court will treat plaintiff's "request to modify" as his amended motion

for preliminary injunction (#100) and consider the motion, despite the fact that defendants did not

have a separate opportunity to respond.

Plaintiff argues that an injunction would preserve the status quo by protecting his medical

condition. *Id.* He claims that two prison employees, "Rexwinkel and "Iratacabal," neither of

whom are named as defendants in this action, threatened to transfer him to Southern Desert

Correctional Center ("SDCC"). *Id.* He claims the transfer would result in deprivation of food

and of proper medical treatment for his condition. *Id.* Plaintiff agreed to a transfer to Unit 4,

another unit within NNCC, in order to stop any transfer to SDCC. *Id.,* Ex. D. He claims that this

transfer within NNCC will also result in deprivation of food and lack of adequate medical care

(#100).  Plaintiff states that when he was previously housed in unit 4 for approximately one year, he was denied meals, made to stand outside in the cold weather for hours at a time, and denied heat within his own cell.  *Id.*  Plaintiff claims he needs medical attention that is not available in unit 4.  *Id.*  Plaintiff seeks a mandatory injunction ordering defendants to assign him a medical classification that would prohibit either transfer.  *Id., see also* #94.

Defendants argue that a preliminary injunction should not issue because plaintiff has offered only his own conjecture that he will be transferred (#97).  Defendants emphasize that NNCC has no plans to transfer plaintiff to another facility.  *Id.*  Defendants argue that plaintiff's motions are not ripe, are unsupported by any fact, and are based on mere suspicions (#97).  In a response to a grievance that plaintiff filed about a threat of transfer, medical staff explained that plaintiff had been cleared medically to move to SDCC and that plaintiff was given the choice to either move to another unit within NNCC or be transferred to SDCC (#100, Ex. D).  According to the grievance response, plaintiff chose to be transferred within NNCC.  *Id.*  Defendants did not address plaintiff's claim regarding a transfer to unit 4 within NNCC (*See* #97).

Plaintiff must demonstrate a likelihood of success on the merits and the possibility of irreparable injury in order to obtain a preliminary injunction.  *Southwest Voter Registration Educ. Project,* 344 F.3d at 917.  While plaintiff's complaint sets forth several claims, even construing plaintiff's *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), the only claim for which he addresses his likelihood of success on the merits is his Eighth Amendment claim (*See* #94).  Even in that instance, while plaintiff outlines his allegations, he provides no supporting evidence whatsoever.  *See id*; #100.  Thus, plaintiff has not demonstrated that he is likely to prevail on his Eighth Amendment deliberate indifference to serious medical needs claims.  With respect to irreparable harm, plaintiff provides no evidence that any transfer outside

of NNCC has been contemplated, nor any evidence to support his assertion that he will be denied food or medical attention if he is transferred to unit 4 (#100). Plaintiff fails to offer any evidence that he will be irreparably injured without a preliminary injunction. *See id.*, #s 91-92, 94. Nor has plaintiff raised serious questions going to the merits or demonstrated that the balance of hardships tips sharply in his favor. *Southwest Voter Registration Educ. Project*, 344 F.3d at 917. As plaintiff has not shown that the facts and the law clearly favor him, the extraordinary remedy of mandatory injunction is not warranted. *Stanley v. University of Southern California,* 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Martinez v. Mathews,* 544 F.2d 1233, 1243 (5th Cir. 1976)). Accordingly, plaintiff's motion for a preliminary injunction is denied.

The court notes that if plaintiff is transferred in the future, does not receive adequate food or medical care, and pursues the issues through the prison grievance or emergency grievance process without resolution, plaintiff can file a new motion for preliminary injunction at that time.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has neither demonstrated a likelihood of success on the merits nor raised serious questions going to the merits of any claims. As such, the court recommends that  plaintiff's motion for a preliminary injunction (#s 91/92, 94, 100) be DENIED.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#s 91/92, 94, 100) be **DENIED**.

**DATED:** August 1, 2006.

_____

**UNITED STATES MAGISTRATE JUDGE**