# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD DEEDS,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT BAYER, ET AL.,<br><br>    Defendants. | 3:03-CV-0453-LRH (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>January 12, 2007 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's request for entry of default as to defendant Robert Bayer ("Bayer") (#112). Defendants opposed (#111) and filed a counter-motion to dismiss Bayer as a defendant (#113). The plaintiff replied to the defendants' opposition (#125) and opposed defendants' counter-motion to dismiss (#126). Defendants replied (#137). The court held a hearing on January 10, 2007 (#197). The court has thoroughly reviewed the record and the motions and recommends that the court deny plaintiff's request for entry of default as to Robert Bayer (#112) and strike the defendants' counter-motion to dismiss Bayer as a defendant (#113).

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Richard Deeds ("plaintiff") is a prisoner at the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ("NDOC") (#100). Plaintiff brings this action pursuant to 42 U.S.C § 1983, alleging prison officials violated his First Amendment right to access to the courts, his Eighth Amendment right against cruel and unusual

punishment, his Fourteenth Amendment rights to equal protection and due process, his Fifth Amendment right to not be deprived of private property without just compensation, and his rights under the Americans with Disabilities Act ("ADA") (#3). Plaintiff names as defendants Robert Bayer, former NDOC director; Jackie Crawford, former NDOC director; Theodore D'Amico, former NNCC medical director; John Doe #1, accounting personnel; John Doe #2; NNCC physician; Karen Gedney, NNCC physician; Donald Helling, NNCC warden; Rev. James Kelly, chaplain; Keith Kennedy, lieutenant; Janet Lamb, NNCC nurse; John Peery, NNCC director of nursing; and Donald Thorpe, correctional officer. *Id*.

This case has quite a long and confusing procedural history which is relevant to the current motions. On March 6, 2000, plaintiff filed the original complaint in this case, which, at the time, had the case number 3:00-cv-00113-DWH-RAM (*see* 3:00-cv-00113, #0). Normally, inmate cases are screened pursuant to 28 U.S.C. § 1915A prior to the issuance of summons; however, pursuant to a court error, summons were immediately issued and executed for defendants Meligan, D'Amico, and Bayer prior to screening. *See* 3:00-cv-00113, #s 3, 4, and 6. Noting that they had been erroneously issued before screening, the court quashed the summons on April 4, 2000 (3:00-cv-00113, #9).

Meanwhile, on March 30, 2000, the court ordered plaintiff to resubmit his complaint on the proper section 1983 form (3:00-cv-00113, #5), but on that same day, plaintiff filed a motion to amend his complaint (3:00-cv-00113, #8). The court filed plaintiff's first amended complaint on April 24, 2000, *see* 3:00-cv-00113, #11; however, before the court had the opportunity to screen the complaint, plaintiff filed a motion for leave to amend on October 16, 2000, attaching his second amended complaint (3:00-cv-00113, #14). Although summons had never been issued in the case, on February 12, 2001, T. Laura Lui, a deputy attorney general for the State of Nevada,

2

filed a notice of substitution of counsel for defendants Bayer, D'Amico and Meligan (3:00-cv-00113, #15).  On February 27, 2001, the court granted the plaintiff's leave to file an amended complaint, *see* 3:00-cv-00113, #17, and the court docketed plaintiff's second amended complaint (3:00-cv-00113, #18).

Thereafter, the plaintiff's complaint was ready for screening pursuant to 28 U.S.C. § 1915A, but there was no further action on the case.  On July 27, 2001, plaintiff submitted a motion for the court to review his complaint and issue summons (3:00-cv-00113, #19).

On January 17, 2002 Patricia A. Palm, a deputy attorney general for the State of Nevada, filed a notice stating that she was "assum[ing] responsibility for representing" defendants Bayer, D'Amico and Meligan  (3:00-cv-00113, #22).

The court screened plaintiff's second amended complaint on January 8, 2002, and the court issued an order requiring plaintiff to show he had exhausted his administrative remedies (3:00-cv-00113, #21).  In response, plaintiff filed a lengthy document attempting to establish he had exhausted his remedies (3:00-cv-00113, #23).  The motion additionally requested that the court allow the plaintiff to amend his complaint by attaching documents to his previously filed second amended complaint. *Id*.  The court denied the plaintiff's request, but allowed plaintiff leave to file an amended complaint (3:00-cv-00113, #24).  On April 23, 2002, the plaintiff filed a third amended complaint and a motion requesting permission to attach additional pages to the complaint (3:00-cv-00113, #27).  The court denied plaintiff's request to attach additional pages on August 30, 2002, but allowed the plaintiff one "final" opportunity to file a complaint which complied with the section 1983 proper form and proper page length rules (3:00-cv-00113, #28).  Plaintiff filed an amended complaint on September 26, 2002 which was the proper length and format, although he also submitted a number of exhibits attached to the complaint (3:00-cv-

3

00113, #s30 and 31).

The court dismissed plaintiff's complaint without leave to amend on October 23, 2002 because the court believed that the plaintiff had failed to comply with its orders regarding the length and format requirements for a section 1983 complaint (3:00-cv-00113, #s32 and 33). On November 5, 2002, plaintiff filed a motion to amend judgment and requested that the District Court re-open the case (3:00-cv-00113, #34). On August 18, 2003, the court vacated its dismissal order and re-opened the case under the present case number, ordering that "for all purposes other than the Court's administrative purposes, the litigation under the new case number shall be considered a continuation of this action" (3:00-cv-00113, #35).

Therefore, on October 16, 2003, the court filed the plaintiff's third amended complaint under the new case number (3:03-cv-00453, #3). On the same day, this court issued an order stating

> The Attorney General shall advise the court within twenty (20) days whether they can accept service of process for the named defendant(s). Counsel shall within sixty (60) days file an answer or otherwise respond to the complaint. If service cannot be accepted for any of the named defendant(s), then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying the full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

(3:03-cv-00453, #2). On November 6, 2003, the Office of the Attorney General accepted service for all defendants *except* Robert Bayer or John and Jane Does 1 & 2 (3:03-cv-00453, #4) ("Service **cannot** be accepted for Defendants Robert Bayer or **John and Jane Does 1& 2"**). On

4

March 28, 2004, the defendants (excluding Bayer and John Does) filed their answer to the plaintiff's amended complaint (3:03-cv-00453, #22). The plaintiff did not serve Bayer with a summons and copy of the complaint, nor did Bayer file a responsive pleading.

Over two years later, on August 11, 2006, the plaintiff filed a request for entry of default of defendant Bayer (3:03-cv-00453, #112).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Service of Process and Personal Jurisdiction

It is "fundamental" that a court can acquire personal jurisdiction over a defendant in "only two ways, viz., his voluntary appearance in the action or service of the court's process upon him in strict conformation with a valid statute authorizing it." *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 425-26 (9th Cir. 1973); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance...").

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 120 days from the time of filing of the complaint to serve the summons and a copy of the complaint on a defendant. Fed. R. Civ. P. 4(m). If service is not completed within the proper time frame, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant... ." *Id*.

#### 2. Entry of Default

Obtaining a default judgment in federal court is a two-step process – (1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Rule 55 of the Federal Rules of Civil Procedure

> When a party against whom a judgment for affirmative relief is

5

>sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a). After the entry of default has been entered by the clerk of court, the party seeking default may make a motion to the court requesting a judgment of default. Fed. R. Civ. P. 55(b). If a party has made an appearance in the case, Rule 55(b) requires the court, not the clerk, to enter the judgment of default. Fed. R. Civ. P. 55(b)(2); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("[b]ecause McCool had filed a notice of appearance, *entry of judgment* by the clerk under Rule 55(b)(1)... would have been improper. Because of McCool's appearance, the district court, not the clerk, was required to enter the default judgment.").

There is no right to a default judgment; its entry is entirely within the discretion of the district court. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also Rashidi v. Albright*, 818 F. Supp. 1354, 1356, n.4 (D.Nev. 1993). Defaults are generally disfavored, *see Eitel*, 782 F.2d at 1472, and courts will attempt to resolve motions for entry of default "so as to encourage a decision on the merits." *See McMillen v. J.C. Penney Co., Inc.*, 205 F.R.D. 557, 558 (D. Nev. 2002) *citing TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696 (9th Cir. 2001).

A court's lack of personal jurisdiction over a defendant precludes an entry of default against that defendant. *Veeck*, 487 F.2d at 426; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1522 (9th Cir. 1983).

**B. Analysis**

**1. Motion for Entry of Default**

The plaintiff argues that although Bayer appeared in this case on or about March 30, 2000, he has not filed an answer or responsive pleading "although more than 900 days have passed since the date the Court ordered counsel to answer or otherwise respond" (3:03-cv-00453, #112).

The defendants oppose, arguing that even though they do not represent Bayer, "counsel believes the Court should be fully informed regarding Plaintiff's request for entry of default" (3:03-cv-00453, #111). Defendants argue that Bayer appeared in the "*previous* action," not this case, and that the court's order of October 16, 2003 regarding service of process and acceptance of service essentially superseded all previous actions regarding appearance and service (3:03-cv-00453, #111) (emphasis in original). The defendants argue that the plaintiff has "misrepresent[ed] the basis upon which he is requesting issuance of Default," because Bayer "has not entered an appearance in *this* action," and requests that the court either reprimand or sanction the plaintiff. *Id*. (emphasis in original). Defendants argue that because they filed a notice of acceptance of service that specifically stated that they were not accepting service for Bayer, *see* 3:03-cv-00453, #4, the plaintiff had the responsibility to serve Bayer (3:03-cv-00453, #111).

Plaintiff replies by noting that the new case number was merely for the administrative convenience of the court and that the new file was "a continuation" of action under the previous case number (3:03-cv-00453, #125, *citing* #1). Plaintiff also cites to this court's order of October 1, 2004, in which the court noted that defendants had previously appeared and were therefore entitled to be served with motions in the case, even though certain defendants had never been formally served due to the fact that the original summons had been quashed (3:03-cv-00453, #125, *citing* #48, pp. 3-4). Plaintiff argues that the Attorney General, who had previously appeared on behalf of Bayer, cannot withdraw as counsel for Bayer without filing a motion with the court or formally notifying the opposing party that its office is no longer representing a defendant. *Id*.

Initially, the court notes that the plaintiff is correct in characterizing the two case numbers – 3:00-cv-00013 and 3:03-cv-00453 – as one case. *See* 3:03-cv-00453, #1 ("IT IS FURTHER

7

Case 3:03-cv-00453-LRH-VPC   Document 198   Filed 01/12/07   Page 8 of 11

ORDERED that for all purposes, other than the Court's administrative purposes, the new file shall be considered a continuation of this action."). Thus, the defendants' contention that Bayer appeared in the "***previous*** action," *see* 3:03-cv-00453, # 111, p. 2, is incorrect. The court finds that the plaintiff has made no misrepresentation to the court and declines to order sanctions or reprimand the plaintiff.

As noted above, it is a basic tenet of law that a court must have personal jurisdiction over a defendant before it may enter a default. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1522 (9th Cir. 1983). After the court re-opened plaintiff's case, the Attorney General's office specifically declined to accept service for Bayer, *see* 3:03-cv-00453, #4. Moreover, as noted above, the summonses issued under 3:00-cv-00113 were quashed because service is improper prior to the required 28 U.S.C. § 1915A screening of an inmate's complaint (3:00-cv-00113, #s6 and 9). The court never issued another summons for Bayer. Therefore, the plaintiff never served Bayer with a summons and a copy of the complaint.

The court dismissed the plaintiff's complaint on October 23, 2002 (3:00-cv-00113, # 32). It is significant that on October 16, 2003, after the court re-opened the plaintiff's case and filed his third amended complaint, this court issued an order regarding service which required that the Attorney General inform the court which defendants Attorney General's office represented to clarify the already confusing record (3:03-cv-00453, #2). The court interprets its own order to mean that the court wiped the slate clean and allowed the parties to proceed anew. As the procedural history set out above notes, service was not effected on any of the defendants prior to the District Court's re-opening of the case. Although the Attorney General made two appearances for some of the defendants at the beginning of the case, *see* 3:00-cv-00113, #s 15 and 22, the case's tortured procedural history, including the court's errors, the defendants' errors and the

8

plaintiff's multiple filings, led to much confusion.[1]  Once the court dismissed the plaintiff's complaint entirely, re-opened the case and issued its service order, proceedings started anew.  The court finds that its order regarding service superseded any prior appearances by the defendants in this case.

Therefore, because the Attorney General's office specifically accepted service for all defendants *except* "Robert Bayer or John and Jane Does 1 & 2," *see* 3:03-cv-00453, #4, and filed an answer that excluded Bayer, *see* 3:03-cv-00453, #22, the court finds that the Attorney General's office does not represent Bayer.

The court additionally finds that the plaintiff is estopped from arguing that Bayer has defaulted in this proceeding.  After the court re-opened the plaintiff's case, the plaintiff filed a February 2006 status report acknowledging that he would be required to serve Bayer, stating, "Pursuant to ORDER 47 (September 29, 2004), plaintiff will at some point be permitted to serve summons and complaint upon John Does 1 & 2 and defendant Robert Bayer," and "Defendants are represented by counsel, excluding John Does 1, 2 and Defendant Robert Bayer" (3:03-cv-00453, #137).  Since the plaintiff has admitted that the Attorney General's office does not represent Bayer and that Bayer was not served, he has waived his right to make either of these arguments.

Because the court has concluded that this court's service order of October 16, 2003, *see* 3:03-cv-00453, #2, superseded Bayer's appearance through the Attorney General and the record does not indicate that the plaintiff served Bayer, the court does not have personal jurisdiction over Bayer; thus, the court may not enter a default pursuant to Rule 55(a).  *See Veeck v. Commodity*

---

[1] The court notes that the plaintiff has contributed to the confusion in this case by filing numerous and sometimes unnecessary motions and papers.  He has played a role in the procedural problems in this case, and, in fact, appears to be his own worst enemy at times.  The court will not allow the plaintiff to now capitalize on the problems in this case by obtaining a default judgment that will prejudice the defendants.

*Enterprises, Inc.*, 487 F.2d 423, 426 (9th Cir. 1973) (A court's lack of personal jurisdiction over a defendant precludes an entry of default against that defendant).

### 2. Motion to Dismiss Bayer as a Defendant

In addition to their opposition, the defendants also filed a counter-motion to dismiss Bayer as a defendant (#113). The plaintiff opposed defendants' counter-motion (#126) and defendants replied (#137). Defendants argue that although they do not represent Bayer, they have standing to file a motion to dismiss because the participation of Bayer at this late date will cause prejudice to the defendants and that as an officer and "friend" of the court, the Attorney General has an obligation to make certain that this court provided adequate points and authorities on which to base its decision (#113, 137). Plaintiff argues that the defendants have attempted to appear on behalf of Bayer, in moving to dismiss him as a party, while also contending that they do not represent Bayer (#126). Defendants cannot have it both ways; either the Attorney General's office represents Bayer and speaks on his behalf, or it does not. The court has already concluded that the Attorney General does not represent Bayer. Therefore, the court concludes that the defendants counter-motion to dismiss Bayer as a defendant should be stricken because defendants lack standing to bring a motion to dismiss on behalf of a party whom it does not represent.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that it does not have personal jurisdiction over Bayer and therefore cannot enter a default against him. Further, the plaintiff has waived all arguments that Bayer has defaulted. Finally, the court concludes that the Attorney General's office does not have standing to bring a motion to dismiss on behalf of a party it does not represent. The court recommends that the plaintiff's request for entry of default as to Robert Bayer (#112) be **DENIED** and the defendants' counter-motion to dismiss

10

Bayer as a defendant (#113) be **STRICKEN**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)© and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the plaintiff's request for entry of default as to Robert Bayer (#112) be **DENIED** and the defendants' counter-motion to dismiss Bayer as a defendant (#113) be **STRICKEN.**

**DATED:** January 11, 2007.

*/s/ Valerie P. Cooke*
_____
**UNITED STATES MAGISTRATE JUDGE**

11