**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD DEEDS,<br><br>             Plaintiff,<br><br>vs.<br><br>ROBERT BAYER, et al.,<br><br>             Defendant(s). | 3:03-CV-0453-LRH (VPC)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. On January 11, 2007, the Clerk of Court issued a notice regarding intention to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (#196). The court has thoroughly reviewed the record and recommends that the court dismiss defendant, Robert Bayer, with prejudice.

**I.     HISTORY AND PROCEDURAL BACKGROUND**

Plaintiff Richard Deeds ("plaintiff") is a prisoner at the Northern Nevada Correctional Center ("NNCC") in the custody of the Nevada Department of Corrections ('NDOC') (#100). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging prison officials violated his First Amendment right to access to the courts, his Eighth Amendment right against cruel and unusual punishment, his Fourteenth Amendment rights to equal protection and due process, his Fifth Amendment right to not be deprived of private property without just compensation, and his rights under the Americans with Disabilities Act ("ADA") (#3). Plaintiff names as defendants Robert Bayer, former NDOC director; Jackie Crawford, former NDOC director; Theodore D'Amico, former NNCC medical director; John Doe #1, accounting

personnel; John Doe #2; NNCC physician; Karen Gedney, NNCC physician; Donald Helling, NNCC warden; Rev. James Kelly, chaplain; Keith Kennedy, lieutenant; Janet Lamb, NNCC nurse; John Peery, NNCC director of nursing; and Donald Thorpe, correctional officer. *Id*.

This case has quite a long and confusing procedural history which is relevant to this court's report and recommendation. On March 6, 2000, plaintiff filed the original complaint in this case, which, at the time, had the case number 3:00-cv-00113-DWH-RAM (*see* 3:00-cv-00113, #0). Normally, inmate cases are screened pursuant to 28 U.S.C. § 1915A prior to the issuance of summons; however, pursuant to a court error, summons were immediately issued and executed for defendants Meligan, D'Amico, and Bayer prior to screening. *See* 3:00-cv-00113, #s 3, 4, and 6. Noting that they had been erroneously issued before screening, the court quashed the summons on April 4, 2000 (3:00-cv-00113, #9).

Meanwhile, on March 30, 2000, the court ordered plaintiff to resubmit his complaint on the proper section 1983 form (3:00-cv-00113, #5), but on that same day, plaintiff filed a motion to amend his complaint (3:00-cv-00113, #8). The court filed plaintiff's first amended complaint on April 24, 2000, *see* 3:00-cv-00113, #11; however, before the court had the opportunity to screen the complaint, plaintiff filed a motion for leave to amend on October 16, 2000, attaching his second amended complaint (3:00-cv-00113, #14). Although summons had never been issued in the case, on February 12, 2001, T. Laura Lui, a deputy attorney general for the State of Nevada, filed a notice of substitution of counsel for defendants Bayer, D'Amico and Meligan (3:00-cv-00113, #15). On February 27, 2001, the court granted the plaintiff's leave to file an amended complaint, *see* 3:00-cv-00113, #17, and the court docketed plaintiff's second amended complaint (3:00-cv-00113, #18).

Thereafter, the plaintiff's complaint was ready for screening pursuant to 28 U.S.C. § 1915A, but there was no further action on the case. On July 27, 2001, plaintiff submitted a motion for the court to review his complaint and issue summons (3:00-cv-00113, #19).

On January 17, 2002 Patricia A. Palm, a deputy attorney general for the State of Nevada, filed a notice stating that she was "assum[ing] responsibility for representing" defendants Bayer, D'Amico and Meligan  (3:00-cv-00113, #22).

2

The court screened plaintiff's second amended complaint on January 8, 2002, and the court issued an order requiring plaintiff to show he had exhausted his administrative remedies (3:00-cv-00113, #21). In response, plaintiff filed a lengthy document attempting to establish he had exhausted his remedies (3:00-cv-00113, #23). The motion additionally requested that the court allow the plaintiff to amend his complaint by attaching documents to his previously filed second amended complaint. *Id*. The court denied the plaintiff's request, but allowed plaintiff leave to file an amended complaint (3:00-cv-00113, #24). On April 23, 2002, the plaintiff filed a third amended complaint and a motion requesting permission to attach additional pages to the complaint (3:00-cv-00113, #27). The court denied plaintiff's request to attach additional pages on August 30, 2002, but allowed the plaintiff one "final" opportunity to file a complaint which complied with the section 1983 proper form and proper page length rules (3:00-cv-00113, #28). Plaintiff filed an amended complaint on September 26, 2002 which was the proper length and format, although he also submitted a number of exhibits attached to the complaint (3:00-cv-00113, #s30 and 31).

The court dismissed plaintiff's complaint without leave to amend on October 23, 2002 because the court believed that the plaintiff had failed to comply with its orders regarding the length and format requirements for a section 1983 complaint (3:00-cv-00113, #s32 and 33). On November 5, 2002, plaintiff filed a motion to amend judgment and requested that the District Court re-open the case (3:00-cv-00113, #34). On August 18, 2003, the court vacated its dismissal order and re-opened the case under the present case number, ordering that "for all purposes other than the Court's administrative purposes, the litigation under the new case number shall be considered a continuation of this action" (3:00-cv-00113, #35).

Therefore, on October 16, 2003, the court filed the plaintiff's third amended complaint under the new case number (3:03-cv-00453, #3). On the same day, this court issued an order stating

> The Attorney General shall advise the court within twenty (20) days whether they can accept service of process for the named defendant(s). Counsel shall within sixty (60) days file an answer or otherwise respond to the complaint. If service cannot be accepted for any of the named defendant(s), then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying the full name and address for said defendant(s). Plaintiff is

>reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

(3:03-cv-00453, #2). On November 6, 2003, the Office of the Attorney General accepted service for all defendants *except* Robert Bayer or John and Jane Does 1 & 2 (3:03-cv-00453, #4) ("Service **cannot** be accepted for Defendants Robert Bayer or **John and Jane Does 1 & 2**"). On March 28, 2004, the defendants (excluding Bayer and John Does) filed their answer to the plaintiff's amended complaint (3:03-cv-00453, #22). The plaintiff did not serve Bayer with a summons and copy of the complaint, nor did Bayer file a responsive pleading.

Over two years later, on August 11, 2006, the plaintiff filed a request for entry of default of defendant Bayer (3:03-cv-00453, #112). On January 12, 2007, this court issued its report and recommendation that plaintiff's motion be denied (#198).

## II.   DISCUSSION & ANALYSIS

On January 11, 2007, the Clerk of Court issued a notice regarding intention to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which states that service of process must be completed within one hundred-twenty (120) days of the date the complaint was filed, which was October 16, 2003, and that service of process was plaintiff's responsibility (#196). The notice further states that this action shall be dismissed as to defendant, Robert Bayer, unless on or before January 31, 2007, there is filed with the clerk proof of service on the defendant Bayer, which service must have taken place prior to the expiration of the 120-day time limit provided by Fed.R.Civ.P. 4(m). *Id.* In response, plaintiff filed a motion to extend time to effect service upon Robert Bayer (#203), which this court denied on March 16, 2007 (#239).

Based upon plaintiff's failure to provide proof of service upon defendant, Robert Bayer, prior to the expiration of the 120-day time limit, this court recommends that defendant, Robert Bayer, be dismissed with prejudice.

The parties should be aware of the following:

1.   They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order, and any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

### III. RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the District Court enter an Order **DISMISSING** defendant Robert Bayer with prejudice.

DATED: March 16, 2007.

_____
UNITED STATES MAGISTRATE JUDGE