1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RICHARD DEEDS,                              )          3:03-CV-0453-LRH (VPC)
                                            )
                Plaintiff,                  )
                                            )          **REPORT AND RECOMMENDATION**
        vs.                                 )          **OF U.S. MAGISTRATE JUDGE**
                                            )
ROBERT BAYER, et al.,                       )
                                            )
                Defendants.                 )
_____   )

        This report and recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is the motion of defendants, Jackie Crawford, Theodore D'Amico, D.O., Donald Helling, Rev. James Kelly, Keith Kennedy, Janet Lamb, and Donald Thorpe ("defendants") for case-terminating sanctions as a result of plaintiff's abusive discovery practices and failure to diligently prosecute (#312). Plaintiff Richard Deeds ("plaintiff") opposed (#s 328/333) and defendants replied (#337). The court has thoroughly reviewed the record and recommends that defendants' motion be denied.

        **I.      Procedural History**

        On August 18, 2003, the District Court issued an order vacating a prior judgment in this action after it was dismissed without leave to amend (#1). The court ordered the case reopened and that it be given a new case number. *Id.* Over the ensuing four and one-half years, this court endeavored to manage this case through discovery, pretrial motions, and the filing of numerous dispositive motions. Apart

1   from the instant dispositive motion, there are now currently eight motions for summary judgment

2   pending in this case (#s 327, 339, 343, 346, 347, 349, 355 & 363).

3          Defendants have accurately recounted the history of plaintiff's litigation tactics (#312).  He

4   repeatedly attempted to amend his complaint, he propounded sixty-one sets of discovery (by defendants'

5   count), he filed numerous motions to compel discovery, motions for sanctions, and miscellaneous

6   motions and briefs, most of which can fairly be characterized as repetitive, harassing, and often

7   unintelligible.  In addition, plaintiff's papers have often been replete with personal attacks on

8   defendants' counsel, notwithstanding this court's admonitions that he cease such conduct.  In other

9   words, defendants' recitation of plaintiff's conduct throughout this case is correct.  Defendants now seek

10  case-terminating sanctions against the plaintiff for his continued bad faith in the face of court orders,

11  admonitions, and sanctions.

12         The court notes that the plaintiff is proceeding in *pro se.*  "In civil rights cases where the plaintiff

13  appears in *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

14  of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't.,* 839 F.2d 621, 623 (9th Cir. 1988); *see also*

15  *Hanies v. Kerner,* 404 U.S. 519, 520-21 (1972).

16  **II.     Discussion and Analysis**

17         Defendants seek dismissal of this action for abusive litigation based upon three alternative

18  grounds:  (1) Fed.R.Civ.P. 26(g)(3); (2), the court's inherent power to levy sanctions in response to

19  abusive litigation practices; and (3) Fed.R.Civ.P. 41(b). Each is discussed in turn.

20  **A.     Fed.R.Civ.P. 26(g)**

21          Fed.R.Civ.P. 26(g) governs discovery practices and provides for sanctions where an attorney

22  or party propounds, responds, or objects to discovery for an improper purpose, "such as to harass or to

23  cause unnecessary delay or needless increase in the cost of litigation."  Rule 26(g)(1) requires that every

24  disclosure, request for discovery, and response or objection must be signed by at least one attorney of

25  record or by a party, if unrepresented. The signature constitutes a certification that to the best of the

26  signer's knowledge, information, and belief, the document is complete and correct and is being served

27  for proper purposes pursuant to the Federal Rules of Civil Procedure. *Id.*  Rule 26(g)(3) further provides

28

1  that if without a substantial justification a certification is made in violation of Rules 26(g), the court will

2  impose appropriate sanctions on the signor for the violation, including attorney's fees. If there is not a

3  substantial justification for a certification of the discovery at issue, by virtue of an attorney or party's

4  signature, and it is made in violation of this rule, the court may impose "appropriate sanctions, which

5  may include attorney's fees." Fed.R.Civ.P. 26(g)(3).

6        Defendants cite no cases which impose case-ending sanctions solely pursuant to Rule 26(g). In

7  *In re Connelly,* 376 B.R. 161 (E.D. Mich. 2007), the bankruptcy court dismissed a trustee's claim with

8  prejudice for discovery violations, but this was in conjunction with sanctions sought pursuant to

9  Fed.R.Civ.P. 37. In *Connolly,* the trustee waited until the ninth day of trial to produce thirty-six boxes

10 of relevant documents that the debtor had requested three years prior. The court held that "a party's

11 failure to comply with Rules 26(e)(2) may give rise to sanctions under Rule 37(e)(1)." *Id.* at 182. The

12 court further noted that dismissal is a severe sanction and should be imposed with great caution, but that

13 if the failure to cooperate is willful, in bad faith, and with fault, dismissal is warranted. *Id.* (citations

14 omitted). *Connelly* is distinguishable from this case, since the trustee's misconduct was egregious and

15 clearly involved hiding evidence until the middle of trial. In addition, the debtor based the request for

16 sanctions based upon repeated violations of Rule 37(e)(1).

17        The court found only one other case in which the district court entered a default judgment against

18 a party pursuant to Rule 26(g)(3). *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir. 1997).

19 The Eleventh Circuit reversed and held it was an abuse of discretion to enter a default judgment, since

20 the district court had "effectively abdicate[d] its responsibility to manage a case involving contentious

21 litigants and permit[ted] excessive and dilatory discovery tactics to run amok." *Id.* at 1356. Like

22 *Connolly,* that case-ending sanction was also brought pursuant to both Rules 26 and Rule 37, and it

23 offers no support for defendants' motion for the severe sanction of dismissal in this action solely

24 pursuant to Rule 26(g).

25        **B.      The Court's Inherent Power to Sanction**

26        Pursuant to the court's inherent power to sanction, dismissal is an available sanction when "a

27 party has engaged deliberately in deceptive practices that undermine the integrity of judicial

28
                                                          3

1   proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the

2   orderly administration of justice." *Leon v. IDX Systems Corp.,* 464 F.3d 951, 968 (9th Cir. 2006), citing

3   *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995).  The district court

4   is required to consider the following factors before imposing the "harsh sanction" of dismissal: "(1) the

5   public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets;

6   (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases

7   on their merits; and (5) the availability of less drastic sanctions."  *Anheuser-Busch,* 69 F.2d at 348.

8                        *1.      The public's interest in the expeditious resolution of litigation*

9           Defendants are certainly correct that plaintiff's massive and repetitive discovery requests and his

10   incessant motion practice have delayed resolution of this case.  However, there are now pending eight

11   motions for summary judgment, three of which defendants have filed.  Given the current status of this

12   action, decisions on these dispositive motions will result in the most expeditious resolution of this case.

13   This weighs against dismissal, notwithstanding the record of plaintiff's conduct outlined in defendants'

14   motion.

15                        *2.      The court's need to manage its docket*

16           The court agrees with defendants' recitation of the myriad case management problems the court

17   has experienced in this proceeding; however, now that dispositive motions are under submission to the

18   court, the court will manage its docket through disposition of these motions.  This factor does not favor

19   dismissal.

20                        *3.      The risk of prejudice to the party seeking sanctions*

21           The court is keenly aware of the difficulties the defendants have experienced in this proceeding,

22   ranging from the death and retirements of named defendants, faded recollections of events that occurred

23   many years ago, as well as continual discovery problems that have arisen. However, in August 2003, the

24   District Court issued its order that this action be reopened (#1), and it was necessary to re-open

25   discovery, to adjudicate numerous discovery disputes, and to decide several dispositive motions.

26   Discovery is completed, dispositive motions on the merits of the case are under submission to the court,

27   and the prejudice defendants may have experienced is outweighed by the simple fact that this case is

28                                                        4

1    finally is a position to be resolved through summary judgment or trial.  In addition, it is almost certain

2    that if this court granted the relief defendants request and dismissed this case as a sanction, plaintiff

3    would appeal.  If plaintiff prevailed, the case would be remanded, causing additional years of delay.  The

4    prejudice the defendants describe would be even greater. This factor weighs against dismissal.

5              *4.      The public policy favoring disposition of cases on their merits*

6              Defendants acknowledge that public policy favors resolution of cases on their merits, and

7    defendants' contention that plaintiff's claims simply have no merit is not persuasive that the sanction

8    of dismissal in this action is warranted.

9              *5.      The availability of less drastic sanctions*

10             The court has imposed increasingly more serious sanctions against plaintiff over the course of

11   this proceeding, and while plaintiff continued to engage in some improper conduct, much of it

12   dissipated, particularly as the parties approached the dispositive motion deadline.  This factor weighs

13   against dismissal.

14             The court concludes that the severe sanction of dismissal is not warranted in this case, as outlined

15   herein.  In reviewing those cases where case-ending sanctions have been ordered, the offending party's

16   conduct was more egregious than what has occurred here.  *See, e.g., Leon v. IDX Systems Corp.,* 464

17   F.3d 951 (9th Cir. 2006) (plaintiff willfully deleted 2,200 files from his employer-issued computer during

18   the pendency of litigation); *Televideo Systems, Inc., v. Heidenthal,* 826 F.2d 915 (9th. Cir. 1987) (court

19   did not abuse discretion in striking answer and entering default judgment against defendant as sanction

20   for perjury, filing false pleadings, and engaging in pattern of racketeering activity).

21             **C.      Fed.R.Civ.P. 41(b)**

22             Defendants posit Fed.R.Civ.P. 41(b) as a basis to dismiss plaintiff's complaint for failure to

23   comply with the rules, which the court rejects. In reviewing the record in this action, the court cannot

24   attribute the delays in the prosecution solely to plaintiff, and the court will not dismiss this action on that

25   basis.

26

27

28

1       The parties should be aware of the following:

2       1.     They may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules

3 of Practice, specific written objections to this Report and Recommendation within ten (10) days of

4 receipt.   These objections should be titled "Objections to Magistrate Judge's Report and

5 Recommendation" and should be accompanied by points and authorities for consideration by the District

6 Court.

7       2.     This Report and Recommendation is not an appealable order, and any notice of appeal

8 pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

9     **III.**    **Recommendation**

10      For the reasons stated above, the undersigned Magistrate Judge recommends that the District

11 Judge enter an order **DENYING** defendants' motion for case terminating sanctions as a result of

12 plaintiff's abusive discovery practices and failure to diligently prosecute (#312).

13      DATED:  January 8, 2008.

14

15
                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28