## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD DEEDS, | ) | 3:03-CV-0453-LRH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 18, 2008 |
| | ) | |
| DEBRA BROOKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

    Before the court is plaintiff's *nunc pro tunc* opposition to defendants' motion for summary judgment re: medical claims (#397), and plaintiff's request for attachment of medical records to his opposition to defendants' motion for summary judgment re: medical claims (#398). Defendants responded to both motions by filing a motion to strike (#399). Plaintiff opposed defendants' motion to strike (#402) and defendants replied (#405).

    On October 12, 2007, defendants filed a motion for summary judgment re: medical claims (#349). Plaintiff filed his original opposition on October 26, 2007 (#368). Thereafter, with leave of court, *see* #389, plaintiff filed a supplemental opposition because he had not had sufficient access to his medical records prior to filing his original opposition (#394). Plaintiff attached a number of medical records to his supplemental opposition. *Id*. Defendants replied on January 15, 2008 (#395).

    On February 13, 2008, plaintiff filed docket number 397, requesting leave of court, *nunc pro tunc*, to submit a second supplemental opposition to defendants' motion for summary judgment re: medical claims (#397). Attached to this supplemental opposition were copies of old grievances. *Id*. On February 19, 2008, plaintiff filed a request to attach medical records to his supplemental opposition (#398).

**Docket Number 397**

    Defendants request that this court strike plaintiff's second supplemental opposition (#399). Plaintiff's opposition to defendants' motion to strike contains a number of arguments and

accusations which are irrelevant to whether plaintiff's second supplemental opposition should be stricken (#402).  Further, the documents attached to plaintiff's second supplemental opposition are copies of old grievances, and it is unclear to the court how these are relevant to defendants' motion for summary judgment re: medical claims as defendants do not make an exhaustion argument.  Finally, there appears to be no supported excusable neglect here to allow plaintiff to file his second supplemental opposition *nunc pro tunc*.  For all of these reasons, defendants' motion to strike (#399) is **GRANTED** as to docket number 397.

### Docket Number 398

Plaintiff requests leave of court to attach medical records detailing that the prescription drug Klonopin was discontinued pursuant to defendant D'Amico's prescription drug formulary.  The court notes that these medical records are already in evidence, and the court carefully considered them before issuing its report and recommendation on March 11, 2008.  *See* #404, pp. 6-7 (citing #352, D-MSJ 22, 86 (*sealed*).  Thus, plaintiff's request (#398) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk