APR 2 3 2008

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHARD DEEDS                          )
                                       )     3:03-CV-0453-LRH (VPC)
    Plaintiff,                      )
                                       )
vs.                                    )     **REPORT AND RECOMMENDATION**
                                       )     **OF U.S. MAGISTRATE JUDGE**
ROBERT BARATS, *et al.*,                )
                                       )
    Defendants.                     )     April 23, 2008
                                       )

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment re: disciplinary claims (#355 and #361 (*in camera*)). Plaintiff opposed as to defendant Lamb (#373), and additionally filed a motion to dismiss defendant Lamb (#374). Defendants did not oppose plaintiff's motion to dismiss. The court has thoroughly reviewed the record and the motions and recommends that defendants' motion for summary judgment re: disciplinary claims as to defendant Lamb (#355) be denied as moot, and plaintiff's motion to dismiss defendant Lamb (#374) be granted.[1]

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Richard T. Deeds ("plaintiff"), a *pro se* prisoner, is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada Correctional Center ("NNCC") (#250). Plaintiff brings his second amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights, and his rights pursuant to the Americans with Disabilities Act ("ADA"). *Id.* Plaintiff

---

[1] Defendants' motion for summary judgment re: disciplinary claims involves plaintiff's claims against defendants Kennedy, Thorpe and Lamb (#355). Plaintiff filed two oppositions – one as to defendants Kennedy and Thorpe (#378), and one as defendant Lamb (#373). The court addresses the defendants' motion for summary judgment as to defendants Kennedy and Thorpe in a separate report and recommendation.

1    names as defendants Robert Bayer, former NDOC Director; Jackie Crawford, former NDOC

2    Director; Theodore D'Amico, NDOC Medical Director; Andrew Fras, NNCC Physician; Donald

3    Helling, NNCC Warden; Chaplain Kelly, NNCC Chaplain; Keith Kennedy, NNCC Lieutenant;

4    Janet Lamb, NNCC Correctional Nurse; Donald Thorpe, NNCC Correctional Officer; and Robert

5    Barats, NNCC Correctional Officer.[2]  *Id.*

6         The parties' motions pertain only to count four (#250).[3]  In count four, plaintiff alleges

7    that from October 1999 through April 2000, defendant Lamb refused plaintiff access to the law

8    library, prison law clerks, and legal supplies, in violation of his Fourteenth Amendment right to

9    access to the courts.  *Id.*

10        The Court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the

11   plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff

12   the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

13   Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

17        When considering a motion to dismiss for failure to state a claim upon which relief can

18   be granted, all material allegations in the complaint are accepted as true and are construed in the

19   light most favorable to the non-moving party.  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.

20   1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  For the movant to succeed, it

21   must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the

22   complaint.  *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

23        Under § 1983, plaintiff must allege that (1) defendants subjected him to the deprivation

---

[2] The court dismissed defendant Bayer on April 26, 2007 (#198, #240, #258 and #259).

[3] In his second amended complaint, plaintiff did not set out formal "counts" (#250). Plaintiff sets out eleven claims in paragraph form. However, instead of numbering the paragraphs sequentially, plaintiff numbers his claims to correspond with numbers he assigned these claims in prior complaints. To avoid confusion, the court will refer to plaintiff's claims in sequence, as counts one through eleven, beginning with plaintiff's first paragraph.

1    of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the

2    defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also*

3    *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations,

4    unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights

5    Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984), *quoting*

6    *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

7        **B. Analysis**

8        Plaintiff states in his motion to dismiss that his claim against defendant Lamb is based on

9    a 1999-2000 directive that plaintiff be prohibited from accessing the law library, law clerks, or

10   legal supplies (#374). Plaintiff further states that his claim against defendant Lamb is related to

11   the fact that he was put on grievance restriction during this same time period and was unable to

12   file grievances for a number of other claims in his complaint, particularly those claims against

13   defendant D'Amico. *Id.* Plaintiff admits that he brought the claim against defendant Lamb

14   merely to protect himself in the event that defendant D'Amico argued that plaintiff had failed to

15   exhaust his administrative remedies. *Id.* Since defendant D'Amico did not assert the exhaustion

16   defense, plaintiff now requests that the court dismiss the claims against defendant Lamb. *Id.*

17       Plaintiff's motion to dismiss defendant Lamb is unopposed by defendants. Local Rule 7-2

18   states "The failure of an opposing party to file points and authorities in response to any motion

19   shall constitute a consent to the granting of the motion." L.R. 7-2(d). As defendants did not

20   oppose plaintiff's motion to dismiss, the court concludes that they consent to the granting of the

21   motion. The court further concludes that plaintiff's motion has merit. As the court grants

22   plaintiff's motion to dismiss defendant Lamb, it need not discuss the merits of defendants' motion

23   for summary judgment re: disciplinary claims as to defendant Lamb.

24                            **III. CONCLUSION**

25       Based on the foregoing and for good cause appearing, the court concludes that defendants

26   consent to the granting of plaintiff's motion to dismiss defendant Lamb. As such, the court

27   recommends that defendants' motion for summary judgment re: disciplinary claims as to

28   defendant Lamb (#355) be **DENIED AS MOOT**, and plaintiff's motion to dismiss defendant

Lamb (#374) be **GRANTED**.

    The parties are advised:

    1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

    2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

    **IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment re: disciplinary claims as to defendant Lamb (#355) be **DENIED AS MOOT**, and plaintiff's motion to dismiss defendant Lamb (#374) be **GRANTED**.

    **DATED:** April 23, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**

4