1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

APR 23 2008

4   RICHARD DEEDS                          )
                                          )   3:03-CV-0453-LRH (VPC)
5         Plaintiff,                       )
                                          )
6      vs.                                 )   **REPORT AND RECOMMENDATION**
                                          )   **OF U.S. MAGISTRATE JUDGE**
7   ROBERT BARATS, *et al.*,               )
                                          )
8         Defendants.                      )   April 23, 2008
    _____    )

9

10        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

11   District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

12   U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for summary

13   judgment against defendant Barats (#347).  Defendants filed a response (#379).  The court has

14   thoroughly reviewed the record and the motions and recommends that plaintiff's motion for

15   summary judgment against defendant Barats (#347) be denied and stricken without prejudice.

16                        **I. HISTORY & PROCEDURAL BACKGROUND**

17        Plaintiff Richard T. Deeds ("plaintiff"), a *pro se* prisoner, is currently incarcerated in the

18   custody of the Nevada Department of Corrections ("NDOC") at the Northern Nevada

19   Correctional Center ("NNCC") (#250).  Plaintiff brings his second amended complaint pursuant

20   to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment

21   rights, and his rights pursuant to the Americans with Disabilities Act ("ADA").  *Id.*  Plaintiff

22   names as defendants Robert Bayer, former NDOC Director;[1] Jackie Crawford, former NDOC

23   Director; Theodore D'Amico, NDOC Medical Director; Andrew Fras, NNCC Physician; Donald

24   Helling, NNCC Warden; Chaplain Kelly, NNCC Chaplain; Keith Kennedy, NNCC Lieutenant;

25   Janet Lamb, NNCC Correctional Nurse; Donald Thorpe, NNCC Correctional Officer; and Robert

26   Barats, NNCC Correctional Officer.  *Id.*

27   _____

28        [1] The court dismissed defendant Bayer on April 26, 2007 (#198, #240, #258 and #259).

1    Plaintiff's motion for summary judgment against defendant Barats pertains only to count

2    eleven.[2]  Plaintiff alleges that on November 12, 2001, defendant Barats took away plaintiff's

3    visiting privileges, claiming that plaintiff had committed a rule violation.  *Id.*  Plaintiff alleges

4    that defendant Barats did so in retaliation for plaintiff requesting his medication, and that

5    defendant Barats later admitted that he lied about the rule violation.  *Id.*  Plaintiff asserts that

6    defendant Barats's actions violated his Fourteenth Amendment "right to fairness" and his Eighth

7    Amendment "right to prescribed medicine."  *Id.*

8    The Court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the

9    plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff

10   the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

11   Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

12                                  **II. DISCUSSION & ANALYSIS**

13   **A. Discussion**

14   **1. Summary Judgment Standard**

15   Summary judgment allows courts to avoid unnecessary trials where no material factual

16   disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th

17   Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in

18   dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In

19   deciding whether to grant summary judgment, the court must view all evidence and any

20   inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*

21   *v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

22                [d]istinguish between evidence of disputed facts and disputed
                  matters of professional judgment. In respect to the latter, our
23                inferences must accord deference to the views of prison
                  authorities. Unless a prisoner can point to sufficient evidence
24                regarding such issues of judgment to allow him to prevail on the

25   ────────────────────

26   [2] In his second amended complaint, plaintiff did not set out formal "counts" (#250). Plaintiff sets
     out eleven claims in paragraph form. However, instead of numbering the paragraphs sequentially, plaintiff
27   numbers his claims to correspond with numbers he assigned these claims in prior complaints. To avoid
     confusion, the court will refer to plaintiff's claims in sequence, as counts one through eleven, beginning with
28   plaintiff's first paragraph.

1    merits, he cannot prevail at the summary judgment stage.

2    *Beard v. Banks*, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the

3    material facts at issue, summary judgment should not be granted. *Anderson v. Liberty Lobby,*

4    *Inc.*, 477 U.S. 242, 251 (1986).

5         The moving party bears the burden of informing the court of the basis for its motion, and

6    submitting evidence which demonstrates the absence of any genuine issue of material fact.

7    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

8    the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

9    must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477

10   U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for

11   discovery, against a party who fails to make a showing sufficient to establish the existence of an

12   element essential to that party's case, and on which that party will bear the burden of proof at

13   trial. *Celotex*, 477 U.S. at 322-23.

14   **B.   Analysis**

15        After plaintiff filed his motion for summary judgment, defendants filed a response noting

16   that they no longer represent defendant Barats (#380). Defendant Barats did not file an

17   opposition.

18        On July 30, 2007, the court granted defendants' motion to withdraw as counsel for

19   defendant Barats (#307). Defense counsel filed an affidavit stating that during the course of these

20   proceedings, she had been unable to locate defendant Barats, even with the assistance of the

21   Investigations Division of the Attorney General's Office (#298). All correspondence sent to

22   defendant Barats at his last known address was returned to defense counsel marked "Not at this

23   address" and "Not deliverable as addressed. Unable to forward." *Id.* Based on defense counsel's

24   representations, the court granted the motion to withdraw, and ordered that Attorney General's

25   office file defendant Barats's last known address with the court, *under seal* (#307). It does not

26   appear from the docket sheet that this ever occurred.

27        As defendants noted in their response, plaintiff did not serve defendant Barats with a copy

28   of his motion for summary judgment (#380, n. 2). Instead, plaintiff served a copy of his motion

3

1  on the Nevada Attorney General's office, defendant Barats's former counsel. *See* #347, Proof of

2  Service. Pursuant to the Federal Rules of Civil Procedure, all written motions must be served on

3  each party to a lawsuit. Fed.R.Civ.P. 5(a)(1)(D). The Local Rules of Practice for the District of

4  Nevada state that all papers that are required to be served shall have a written proof of service

5  attached when presented for filing. LR 5-1(a). Without proof of service, the "court may refuse

6  to take action on any paper until a proof of service is filed," and the court may *sua sponte* strike

7  the unserved paper. LR 5-1(b). However, "unless material prejudice would result, the court may

8  at any time allow the proof of service to be amended or supplied." LR 5-1(c).

9      The court will not grant a motion for summary judgment against a party without proof of

10  service of the motion. As any party would be required to do, plaintiff must serve defendant

11  Barats with a copy of this motion pursuant to the requirements of Federal Rule of Civil Procedure

12  5.

13      If plaintiff still wishes to pursue his claims against defendant Barats, despite the fact that

14  defendants Barats has seemingly disappeared such that even the Investigations Department of the

15  Attorney General's Office cannot locate him, plaintiff must make a good faith attempt to locate

16  the defendant. If, after his good faith search, plaintiff fails to locate defendant Barats, plaintiff

17  has leave to re-file his motion with a request that the court attempt to serve him at the address

18  defendants will provide *under seal*.[3] Only after plaintiff complies with the requirements of

19  Federal Rule of Civil Procedure 5 will the court consider his motion for summary judgment.

20  ### III. CONCLUSION

21      Based on the foregoing and for good cause appearing, the court concludes that plaintiff

22  failed to properly serve defendant Barats with a copy of his motion for summary judgement

23  pursuant to Federal Rule of Civil Procedure 5. As such, the court recommends that plaintiff's

24  motion for summary judgment against defendant Barats (#347) be **DENIED** and **STRICKEN**

25  **WITHOUT PREJUDICE**. If, after plaintiff has made a good faith attempt to locate defendant

26  _____

27      [3] The court notes that based on former defense counsel's representations, any attempt at service or
collecting on a default judgment would likely be futile as defense counsel attempted to contact defendants
28  Barats several times at his last known address before withdrawing as counsel.

4

Barats, plaintiff still wishes to pursue such claims, plaintiff has leave to re-file his motion with a request that the court serve defendant Barats at his last known address. Defendants are ordered to comply with this court's directive of July 30, 2007 (#307) and file *under seal* with the court defendant Barats's last known address.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for summary judgment against defendant Barats (#347) be **DENIED** and **STRICKEN WITHOUT PREJUDICE.**

**DATED:** April 22, 2008.

UNITED STATES MAGISTRATE JUDGE