UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

RICHARD DEEDS,

        Plaintiff,

v.

ROBERT BAYER, et al.,

        Defendants.

3:03-cv-00453-LRH-VPC

O R D E R

Before this Court is the Report and Recommendation of U.S. Magistrate Valerie P. Cooke (#404[1]) entered on March 11, 2008, recommending denying Plaintiff's Motions for Summary Judgment as to Defendant Helling (#343) filed on October 9, 2007, denying Plaintiff's Motion for Summary Judgment as to Defendants D'Amico and Thorpe (#346), filed on October 10, 2007, and granting in part and denying in part Defendants' Motion for Summary Judgment as to Plaintiff's Medical Claims (#349) filed on October 12, 2007. Plaintiff filed his Objections to Magistrate Judge's Report and Recommendation (#406) on March 19, 2008, Defendants filed their Objections to Magistrate Judge's Report and Recommendation on March 25, 2008 (#408), Defendants filed their response to Plaintiff's objections (#409) on March 27, 2008, and Plaintiff filed his response to Defendants' objections (#410) on April 2, 2008, pursuant to 28 U.S.C. §

---

[1]Refers to court's docket number.

1  636(b)(1) and Local Rule IB 3-2 of the Rules of Practice of the United States District Court for the
2  District of Nevada.

3  The Court has conducted its *de novo* review in this case, has fully considered the
4  objections of the Plaintiff and Defendants, the pleadings and memoranda of the parties and other
5  relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) and Local Rule IB 3-2. The Court
6  determines that the Magistrate Judge's Report and Recommendation (#404) entered on March 11,
7  2008, should be adopted and accepted as to counts three and eight.

8  The court, however, does not adopt the Magistrate Judge's report and recommendation
9  as to counts six and seven, which allege that D'Amico deprived Plaintiff of his Eighth Amendment
10 rights by denying him the nutritional supplement Glutamine and by denying him the medical diet
11 prescribed by a specialist. From the undisputed evidence before this court, the courts finds that
12 Plaintiff has failed to present evidence from which a reasonable jury could find that D'Amico
13 subjectively exhibited deliberate indifference as to Plaintiff's medical condition. The Magistrate
14 Judge's Report and Recommendation is therefore overruled as to counts six and seven.

15 As stated in the Magistrate Judge's report and recommendation, the subjective standard
16 of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests
17 or safety." *Farmer v. Brennan*, 511 U.S. at 835 (*quoting Whitley v. Albers*, 475 U.S. 312, 319
18 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end
19 and purpose or knowledge at the other." *Id.* at 836. It is the equivalent of recklessly disregarding a
20 substantial risk of serious harm to the inmate. *Id.* Mere negligence on the part of prison medical
21 staff is not sufficient to prove deliberate indifference. *Hutchinson v. United States*, 838 F.2d 390,
22 394 (9th Cir. 1988). Prison officials are deliberately indifferent when they "deny, delay, or
23 intentionally interfere with medical treatment" of a prisoner's serious medical need. *Id.* Prison
24 medical staff do not violate the Eighth Amendment simply because their opinion concerning
25 medical treatment conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d

1337, 1344 (9th Cir. 1981).

With respect to Plaintiff's sixth count alleging an Eight Amendment violation due to D'Amico's refusal to give him the nutritional supplement Glutamine, the court concludes that D'Amico's decision not to recommend the supplement was a matter of professional opinion. In support of their motion for summary judgment, Defendants present evidence that Dr. Gedney, Plaintiff's treating physician, was advised that although Dr. Yamamoto, a gastrointestinal specialist who examined Plaintiff, recommended Glutamine, Yamamoto did not recommend Glutamine as medically necessary. (Gedney Decl. (#352), Ex. E at ¶ 8.) This evidence demonstrates that Yamamoto's recommendation was considered, but Gedney decided that Glutamine was not medically necessary in Plaintiff's case. Such a difference in professional opinion does not constitute an Eighth Amendment violation.

Concerning the seventh count alleged in Plaintiff's second amended complaint, the court finds that the prison dietician received Dr. Yamamoto's 2200 calorie recommendation, initially recommended a 3080 to 3850 calorie diet, but later recommended a 6000 diet. (Gedney Decl. (#352), Ex. E at ¶ 7; (#360), Ex. C at 88.1-88.2.) While there is no explanation for this calorie increase, there is no evidence that the change was due to a deliberate interference with respect to Plaintiff's medical condition. Rather, the evidence shows that the dietician considered Plaintiff's diet and decided that a 6000 calorie a day diet was appropriate. Such a change of course could be no more than negligent given prison officials' explicit consideration of Plaintiff's caloric intake. Furthermore, prison officials were actively trying to control Plaintiff's intestinal motility as shown by their prescription of narcotic pain relievers used for that purpose. (Gedney Decl. (#352) Ex. E at ¶ 6.) Defendants' motion for summary judgment as to counts six and seven counts is therefore granted.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#404) entered on March 11, 2008, is adopted and accepted as to counts three and

eight. However, the Magistrate Judge's Report and Recommendation is overruled as to counts six and seven.

    IT IS FURTHER ORDERED that Defendants' Motion for Summary (#349) is GRANTED.

    IT IS FURTHER ORDERED that Plaintiff's Motions for Summary Judgment as to Defendant Helling (#343) and Defendant D'Amico (#346) are DENIED.

    IT IS SO ORDERED.

    DATED this 17th day of September 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE