UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| RICHARD DEEDS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:03-cv-00453-LRH (VPC) |
| | ) | |
| v. | ) | |
| | ) | O R D E R |
| ROBERT BAYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (#416[1]) entered on May 16, 2008, in which the Magistrate Judge recommends that the Defendants' Motion for Summary Judgment re: disciplinary claims as to Defendants Kennedy and Thorpe (#355) be granted as to Plaintiff's Eighth Amendment claim, but denied as to Plaintiff's Fourteenth Amendment claims. The Magistrate Judge further recommends that Plaintiff's motions for summary judgment against Defendant Kennedy (#327) and Defendant Thorpe (#346) be denied. Defendants filed their Objections (#418) on June 10, 2008, and Plaintiff filed his Opposition to Defendants' Objections (#419) on June 23, 2008. The Court has considered the pleadings, memoranda and the exhibits of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law, and

---

[1]Refers to court's docket number.

good cause appearing, the court hereby

ADOPTS AND ACCEPTS the Report and Recommendation of the United States Magistrate Judge (#416) with regard to the Magistrate Judge's Conclusions No. 4, 5 and 6.

With regard to Conclusions No. 1, 2 and 3, and as noted by the Magistrate Judge, the Defendants failed to produce the hearing record of the hearing upon the Notice of Charge ("NOC") brought by Defendant Thorpe which was conducted before Defendant Kennedy on January 15, 2002. In the Defendants' objections to the Magistrate Judge's Report and Recommendation, Defendants have produced that hearing record along with a declaration of Kennedy concerning the hearing in question. Obviously, this record should have been presented in evidence before the Magistrate Judge because it confirms not only the basis upon which the NOC was brought by Defendant Thorpe but also that the due process claims upon which Plaintiff relies are thoroughly and convincingly rebutted. With regard to the charge itself, Officer Neighbors appeared as an eye witness to the incidents that were the subject matter of the NOC and confirmed the incidents upon which the charge was based. Plaintiff declined to conduct any cross-examination or ask any questions of Officer Neighbors. Plaintiff's own testimony confirmed the factual basis upon which the charge was brought.

With regard to Plaintiff's due process claim that he was denied the opportunity to call witnesses, Lt. Kennedy has now confirmed that Deeds failed to make a request at the hearing to call the witnesses he had previously identified. While Plaintiff had earlier mentioned a desire to call Officer Minegar and Assistant Warden Coleman, the hearing record confirms that Deeds failed to actually call or make a request at the hearing for these witnesses. Had Deeds called for the witnesses and Kennedy had denied them, Kennedy would have set forth this history on the Summary of Disciplinary Hearing form III. Based upon the supplemental evidence presented with Defendants' objections, it is clear to the court that the silent record, which led the Magistrate Judge to conclude in Conclusions No. 1, 2 and 3 that there were genuine issues of material facts concerning Deeds's Fourteenth Amendment claims has been supplemented and corrected. Had this evidence been before

the Magistrate, it appears clear that the Magistrate would have granted Defendants' Kennedy and Thorpe summary judgment on Plaintiff's Fourteenth Amendment claims.

The court is troubled that evidence that was clearly material and relevant to the issues before the Magistrate Judge was not produced.  Moreover, now that it has been produced, no explanation has been presented to demonstrate a diligent attempt to locate and present such evidence at the hearing before the Magistrate.  Because this evidence is so controlling, and this court reviews the Magistrate Judge's Reports and Recommendations *de novo,* the court will consider them notwithstanding the likely dereliction attributable to the Defendants and their counsel.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation is modified as follows:

1.  Plaintiff has failed to show a Fourteenth Amendment due process claim against Defendant Thorpe with regard to the January 7, 2002, incident;

2.  Plaintiff has failed to sustain his alleged Fourteenth Amendment due process claim against Defendant Kennedy with regard to the January 15, 2002, hearing, and Eighth Amendment claim as to the conditions of confinement in austere housing;

3.  No genuine issues of material fact exist concerning whether Defendant Kennedy improperly denied Plaintiff his right to present evidence and call witnesses during Plaintiff's January 15, 2002, disciplinary hearing;

4.  There is no evidence that austere housing violates the Eighth Amendment as a general matter;

5.  Plaintiff's claim that he was denied outdoor exercise during his time confined to austere housing is unsupported; and

6.  The remainder of Plaintiff's allegations concerning the conditions during his time confined to austere housing do not rise to the level of "serious" deprivations.

As such, the court orders that:

1.     Defendants' motion for summary judgment re: disciplinary claims as to Defendants' Kennedy and Thorpe (#355) is GRANTED as to both Plaintiff's Eighth Amendment claim and Plaintiff's Fourteenth Amendment claims; and

2.     Plaintiff's motions for summary judgment against Defendant Kennedy (#327) and Defendant Thorpe (#346) are DENIED.

IT IS SO ORDERED.

DATED this 29th day of September, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4