1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                  * * * * *

9   RICHARD DEEDS,                    )
                                      )
10                      Plaintiff,    )          3:03-cv-00453-LRH-VPC
                                      )
11  v.                                )
                                      )          O R D E R
12  ROBERT BAYER, et al.,             )
                                      )
13                      Defendants.   )
    _____ )
14

15          Before the court is Plaintiff Richard Deeds' Motion for Relief from District Court Order

16  Granting Summary Judgment on Counts Six and Seven (#424[1]).  Deeds' motion asks this court to

17  amend its September 17, 2008, order overruling the magistrate's report and recommendation that

18  this court deny Defendants' motion for summary judgment on counts six and seven of Deeds'

19  second amended complaint.  The court concludes that its grant of summary judgment as to six and

20  seven was correctly decided.

21          While the Federal Rules of Civil Procedure do not explicitly recognize a motion to

22  reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any

23  time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th

24  Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This

25  _____

           [1]Refers to the court's docket.

1  authority is governed by the law of the case doctrine under which a court will generally not

2  reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto.*

3  *Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v.*

4  *Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court may have discretion to depart from

5  the law of case when (1) the first decision was clearly erroneous, (2) there has been an intervening

6  change of law, (3) the evidence on remand is substantially different, (4) other changed

7  circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

8          With respect to count six, Deeds argues that this court erred by finding as a matter of law

9  that Defendant D'Amico did not violate the Eighth Amendment when he refused to give Deeds the

10  nutritional supplement Glutamine. The court's decision was not clearly erroneous. As stated in its

11  September 17, 2008, order, while Dr. Yamamoto, a gastrointestinal specialist who treated Deeds,

12  recommended that Deeds receive Glutamine, Yamamoto did not recommend it as medically

13  necessary. Moreover, although D'Amico initially agreed to provide Deeds with Glutamine,

14  D'Amico rescinded this decision based on his judgment that Deeds' caloric intake was adequate.

15  (Mot. for Summ. J. (#349) at 149.) While D'Amico and Yamamoto may have disagreed about the

16  exact terms of Deeds' treatment, such a difference of opinion is not sufficient to show an Eighth

17  Amendment violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[T]o prevail

18  on a claim involving choices between alternative courses of treatment, a prisoner must show that

19  the chosen course of treatment was medically unacceptable under the circumstances, and was

20  chosen in conscious disregard of an excessive risk to [the prisoner's] health.") (internal quotation

21  marks omitted).

22          Deeds has also failed to show that this court erred with regard to count seven. In his motion

23  for reconsideration, Deeds makes a substantial argument that a doctor is deliberately indifferent to a

24  prisoner's medical needs when the doctor inexplicably ignores another physician's advice regarding

25  the prisoner. *See also Hamilton v. Engel*, 981 F.2d 1062, 1067 (9th Cir. 1992) (holding that prison

2

1   officials may violate a prisoner's Eight Amendment rights by disregarding the medical advice of

2   the prisoner's treating physician and relying on a medical opinion that a reasonable person would

3   likely determine to be inferior).  Notwithstanding Deeds' argument, the court reaffirms its

4   conclusion that D'Amico is entitled to summary judgment on count seven.

5          Although Deeds presents evidence that D'Amico approved a 6000 calorie diet after

6   Dr. Yamamoto recommended Deeds receive a 2200 calorie diet, Deeds presents no evidence that

7   D'Amico disregarded Yamamoto's recommendation.  Instead, the only evidence before the court is

8   that Dr. Gedney advised D'Amico that the "GI - specialist recommends following diet - 60%

9   carbohydrate, 20% protein, 20% fat.  You approved 6,000 cal diet.  It should be structure like this

10  since pt only has 3 ft of intestine."  (Mot. for Summ J. (#352) at 88.)  D'Amico responded, "Have

11  the culinary do the best they can on this!"  (*Id.*)  This evidence shows that D'Amico approved

12  Gedney's version of Yamamoto's recommendation.  The evidence, however, does not show that

13  D'Amico consciously disregarded Yamamoto's advice that Deeds receive a 2200 calorie diet.

14  While D'Amico may have been misinformed about Yamamoto's recommendation, D'Amico's

15  approval of Gedney's proposed diet does not show deliberate indifference to Deeds' medical needs.

16         IT IS THEREFORE ORDERED that Plaintiff' Motion for Relief from District Court Order

17  Granting Summary Judgment on Counts Six and Seven (#424) is DENIED.

18         IT IS SO ORDERED.

19         DATED this 11ᵗʰ day of March 2009.

20

21

22                                            _____

23                                            LARRY R. HICKS
                                             UNITED STATES DISTRICT JUDGE

24

25